OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Joseph F. Caskey, appeals from a final judgment of the Trumbull County Court of Common Pleas entered in favor of appellee, Lordstown Development Corporation. For the following reasons, we affirm the decision of the trial court.
The following facts are pertinent to this appeal. On October 17, 1997, appellant filed a declaratory judgment action against appellee and The Eastern Group Eastern States Oil and Gas, Inc. for the purpose of determining the ownership of royalties generated by several oil wells. The case proceeded to trial before a magistrate on May 14, 1998.
On February 3, 1999, the magistrate issued its decision, which included extensive findings of fact and conclusions of law. Appellant subsequently filed objections to the magistrate's decision on February 18, 1999. However, on February 23, 1999, the trial court adopted the magistrate's findings and conclusions in their entirety, and entered judgement in favor of appellee. Appellant perfected a timely appeal, and asserts two assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of Plaintiff-Appellant in failing to correctly apply the doctrine of merger relative to purchase contracts and deeds and proceeded to reform the reservation language in a deed.
 "[2.] The trial court erred to the prejudice of Plaintiff-Appellant in reforming a deed that was otherwise clear and unequivocal simply because Defendant-Appellee did not review the language in the deed prior to closing and acceptance of the same."
Our review of the trial court's decision under Civ.R. 53 is limited to a determination of whether the court abused its discretion in adopting the magistrate's decision. In the Matter of Gibbs (Mar. 13, 1998), Lake App. No. 97-L-067, unreported, at 12, 1998 Ohio App. LEXIS 997. An abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The record in the instant matter shows that appellant filed his objections to the magistrate's decision one day late. In effect, there were no objections properly filed. As a result, the trial court did not consider them before adopting the magistrate's decision.
Under Civ.R. 53(E)(3)(a), as amended effective July 1, 1995, a party disapproving of a magistrate's decision has fourteen days from the filing of that decision to file written objections. If no timely objections are filed, Civ.R. 53(E)(3)(b) provides in part:
 "A party shall not assign as error on appeal the court's adoption of any findings of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
However, at another section, the rule indicates that even in the absence of written objections, the trial court still may not adopt the magistrate's decision unless it first determines that there is no error of law or other defect on the face of the magistrate's decision. Civ.R. 53(E)(4)(a)
As a result, the issue becomes what happens when the appeal is based on a claimed error of law and no earlier objection was raised under Civ.R. 53(E)? In a very recent and very short opinion, the Supreme Court of Ohio held that "Civ.R. 53 (E)(3)(b) prohibits a party from `assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.'" (Emphasis added.) State ex rel. Booher v. Honda of Am.Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54.
The facts in Booher were as follows. A writ of mandamus was filed in the court of appeals; it was heard there by a magistrate and presumably adopted by the court. The petitioner moved the court of appeals to vacate the magistrate's decision in order to permit her to file objections which would have been approximately five months late. The court of appeals declined her motion and struck her objections. She appealed to the Ohio Supreme Court. The opinion states that "[c]laimant's arguments before us derive directly from the conclusion of law contained in the magistrate's decision." (Emphasis added.) The Supreme Court affirmed using the no objection-no appeal language from Civ.R. 53. Thus, it would seem that our response today should be clear-cut.
However, it is not because no mention is made in the Booher
opinion of State ex rel. Duncan v. Chippewa Twp. Trustees, (1995)73 Ohio St.3d 728. There, in an opinion rendered after the July 1995 revision of Civ.R. 53(E), the court reaffirmed that "* * * an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to [the magistrate's] factual findings constituted an abuse of discretion." Duncan at 730.
The July 1, 1995 revision of the rule does not address the sound public policy arguments set out in Normandy Place Assoc. v.Beyer (1982), 2 Ohio St.3d 102, 105-106:
 "It is the primary duty of the court, and not the referee, to act as a judicial officer. Indeed, the court must approve the referee's report and enter it upon its own record for that report to have any validity or binding effect. * * *
 "In order for the trial court to maintain its independence, it is of utmost importance that it carefully examine any report before it for errors. Accordingly, we reject any concept which would suggest that a trial court may in any way abdicate its function as judge over its own acts."[1]
To reject the above rationale would be to say that an otherwise appealable order, approved and signed by a judge, is not subject to appeal even when the claimed error is one of law and was visible on the face of the magistrate's decision.
Nevertheless, the Duncan court specifically affirmed the duty of the trial court, even without an objection, to review a magistrate's report and its proposed conclusions of law for "* * * an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a).
Again, Booher does not refer to Duncan and its language. Rather, the Booher court held, without explanation, that conclusions of law in a magistrate's decision are not subject to further appeal if no objection was made to the trial court. On the other hand, by not specifically addressing Duncan, Booher does not overrule Duncan. As a result, we feel we can continue to apply Duncan to the matter under review, despite our reservations as to the intended or considered result of Booher.
Arguably, as written, Booher states that without an objection there is no way to appeal an incorrect legal conclusion approved by the signing judge. In other words, when there is no objection, the trial court's decision becomes the equivalent of binding arbitration without the requirement of the consent of the parties.
We hope that the further appeal of this case or a similar case will clarify this dilemma.
In the alternative, because appellant failed to file timely objections to the magistrate's decision, this court is unable to reach the merits of appellant's assignments of error per Booher.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs in judgment only with Concurring Opinion, O'NEILL, J., concurs.
[1] At the time Normandy Place was decided, Civ.R. 53 concerned referees and the reports they filed. The current version of Civ.R. 53, however, uses the term magistrate in place of referee. The change in terminology does not effect the underlying concerns of the court when it reached its conclusion.